IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DE'ANGELO MANUEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv659-TMH |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed by De'Angelo Manuel ("Manuel"), an Alabama pretrial detainee incarcerated in the Montgomery County Detention Facility. Doc. No. 1.[1] Manuel is currently awaiting trial on state charges of robbery. In his petition, he alleges that the first-degree robbery statute, § 13A-8-4, Ala. Code 1975, under which he is charged is unconstitutional. The respondents filed an answer (Doc. No. 10) in which they contend that Manuel's petition should be dismissed without prejudice because he has failed to exhaust state court remedies. Manuel took advantage of the opportunity to respond to the respondents' answer. See Doc. Nos. 14 & 15. Upon consideration of the respondents' answer and Manuel's response thereto, the court concludes that the petition for habeas corpus relief is due to be denied and

---

[1] Document numbers are those assigned by the Clerk in the instant action. Page references in the pleadings are to those assigned by CM/ECF.

dismissed without prejudice for Manuel's failure to exhaust state remedies.

## II.  DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied.  First, the petitioner must be in custody but not pursuant to a final judgment of a state court.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Manuel is currently incarcerated and awaiting trial on criminal charges pending against him in the Circuit Court for Montgomery County, Alabama.  He thus appears to satisfy the "in custody" requirement for purposes of § 2241.  Secondly, a § 2241 petitioner must have exhausted his available state remedies.[2]  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented."  Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated.

---

[2] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States."  *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

*See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Further, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts state remedies, unless the petitioner demonstrates (1) evidence of a bad faith prosecution, (2) irreparable injury if federal abstention is exercised, and (3) absence of an adequate alternative state forum where constitutional issues can be raised. *Younger v. Harris*, 401 U.S. 37, 44-46 (1971).

Manuel contends that the first-degree robbery statute, § 13A-8-4, Ala. Code 1975, under which he is charged is unconstitutional. However, he has not filed any pleadings in the state trial court raising this claim.[3] Nor has he presented this court with a basis for intervening in his state criminal prosecution. Finally, he has an available state forum for raising his constitutional claim: first, in the state trial court before trial; then on appeal to the Alabama Court of Criminal Appeals if he is convicted; and finally by seeking review of an adverse ruling of the Alabama Court of Criminal Appeals by filing a petition for writ of habeas corpus in the Alabama Supreme Court. It is clear from the pleadings that Manuel has failed to exhaust his state court remedies by fairly apprising the highest state court of his federal rights that were allegedly violated. *See Boerckel*, 526 U.S. at 845; *Richardson*, 762

---

[3] Manuel, who is represented by counsel in the state criminal proceedings, acknowledges that he has not filed motions with the trial court challenging the constitutionality of § 13A-8-4, Ala. Code 1975. Doc. No. 15 at 1. However, he maintains that he has urged his counsel to file such motions but that his counsel will not accede to his requests. *Id*.

F.2d at 432.

This court does not deem it appropriate to rule on the merits of Manuel's claim without first requiring that he exhaust state court remedies. Further, this court should abstain from now considering Manuel's claim out of deference to the state courts. Principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and a petitioner exhausts available judicial state remedies unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Because no special circumstances are presented that warrant excusing the exhaustion requirement, the court therefore concludes that the instant petition should be dismissed without prejudice so that Manuel may exhaust available state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Manuel be DISMISSED without prejudice to afford Manuel an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before October 16, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done this 1st day of October, 2012.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE